IMG-319                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4721
_____

JIAN HUA WANG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____
On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-683-559)
Immigration Judge: Honorable Frederic G. Leeds

_____

Submitted Under Third Circuit LAR 34.1(a)
October 13, 2010

Before:  FUENTES, VANASKIE AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 1, 2010)
_____

OPINION
_____

PER CURIAM

        Jian Hua Wang petitions for review of a final order of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ's") denial of asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").  We

will deny the petition for review.

I.

Jian Hua Wang, a native and citizen of the People's Republic of China, entered the United States without inspection in 2005 and was placed in removal proceedings, during which he conceded that he is removable as charged. Wang applied for asylum, withholding of removal, and CAT protection. At his hearing, Wang testified that about one month after his wife gave birth to their second child, authorities came to his house and demanded that she be sterilized. They took her away by force and, when he attempted to stop them, he was beaten. Wang stated that he hurt his back and later lost a tooth as a result of the beating, but he testified that his injuries were not serious and that he sought no medical treatment for them. His wife was sterilized against her will. About two years later, Wang fled China. He also testified that he feared he would be arrested, jailed and fined for illegally departing China if he returned to that country.

The IJ denied relief. He concluded that Wang could not establish a claim for asylum based on his wife's forced sterilization as a matter of law. See Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008). Although he found Wang's testimony credible, the IJ concluded that Wang had not established an independent basis for asylum because the injuries he sustained when he resisted the family planning officials were, by his own admission, not serious and thus did not rise to the level of persecution. The IJ also found that Wang's fear that he would be persecuted for illegally departing China was

2

insufficient to establish a well-founded fear of future persecution because it was inconsistent with the 2007 State Department profile of China, which states that China accepts repatriation of its citizens and that U.S. officials have not confirmed any abuse of such persons. The BIA dismissed the appeal, agreeing that Wang was not eligible as a matter of law for asylum based on his wife's forced sterilization and that he had not demonstrated that he personally had been persecuted. Because Wang had not established past persecution on the basis of his resistance to the family planning policy, he was not entitled to a presumption of a well-founded fear of future persecution on such grounds, see 8 C.F.R. § 1208.13(b)(1). The BIA also concluded that Wang had not otherwise shown an objectively reasonable fear of future persecution related either to the family planning policy or his illegal departure. Wang then filed a timely petition for review.

II.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review final orders of removal. In this case, the BIA affirmed the decision of the IJ and discussed some of the bases for the IJ's decision, so we therefore review the decisions of both the IJ and BIA. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). In doing so, we review factual findings for substantial evidence and may not disturb them "'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Sandie v. Att'y Gen., 562 F.3d 246, 251 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). We exercise plenary review over conclusions of law, subject to the established principles of deference accorded agency decision-making. See Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 231

3

(3d Cir. 2008).

Under the Immigration and Nationality Act ("INA"), an applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The INA further states that "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(B). But there is no automatic refugee status for spouses of individuals subjected to coercive population control policies. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (en banc). Thus, the IJ and the BIA properly held that Wang was not entitled to asylum based on his wife's involuntary sterilization.

Spouses remain eligible for relief, however, if they can establish that they personally were persecuted for resisting a coercive family planning policy, or that they have a well-founded fear of future persecution for that resistance. See 8 U.S.C. § 1101(a)(42). Wang argues that his resistance to family planning officials resulted in a beating, which "is the pure definition of persecution." Pet. Brief at 9. But "persecution connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom'". Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003). Although unfair or even offensive, the beating Wang received and the resultant minor injuries do not rise to the level of

4

persecution, as the IJ and BIA correctly concluded. See Chen v. Ashcroft, 381 F.3d 221, 234-35 (3d Cir. 2004) (isolated incidents that do not result in serious injury do not rise to the level of persecution).

Wang also argues that he established a well-founded fear of future persecution based on his resistance to the family planning policy because the Government has not rebutted the presumption afforded him. Pet. Brief at 10. However, Wang does not receive the benefit of that presumption because he did not demonstrate past persecution. See 8 C.F.R. § 1208.13(b)(1). Finally, Wang's inability to establish his eligibility for asylum necessarily undermines his eligibility for withholding of removal.[1] Sioe Tien Wong, 539 F.3d at 236-37.

Accordingly, we will deny the petition for review.

_____

[1] Wang has not raised the BIA's denial of CAT protection or its determination that he failed to establish a well-founded fear of future persecution based upon his illegal departure from China. Consequently, he has waived any argument regarding these issues. See, e.g., Lie v. Ashcroft, 396 F.3d 530, 532, n.1 (3d Cir. 2005) (holding that petitioner waived any argument relating to denial of CAT claim by not presenting it in the brief).